UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP MICHAEL LITTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:11-CV-322 JD |
| v. | ) |
| | ) |
| BRUCE LEMMON, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Phillip Michael Littler, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. [DE 1.] Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Littler complains that he has not been permitted to have conjugal visits with his "proposed spouse," which he believes is a violation of his constitutional rights [DE 1 at 3]. However, inmates have no independent due process right to visitation with a particular visitor. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 464-65 (1989). Furthermore, the Eighth Amendment prohibits only those conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Inmates are entitled to be provided with adequate food, clothing, shelter, and medical care, but "the Constitution does not mandate comfortable prisons," and restrictive or even harsh conditions are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Although Littler finds the lack of physical companionship difficult, "mere inactivity, lack of companionship and a low level of intellectual stimulation do not constitute cruel and unusual punishment." *Caldwell v. Miller*, 790 F.2d 589, 593 n.16 (7th Cir. 1986). Accordingly, Littler's claim that he is not being allowed conjugal visits fails to state a claim for relief.[1]

Littler also complains that his contact visitation privileges have been suspended based on, in his words, "my repeated refusal to submit to drug screening for the past four years" [DE 1 at 3]. The Supreme Court has recognized that contact visits present particular difficulties for correctional facilities and thus can be restricted or prohibited altogether:

---

[1] In addition, because conjugal visits inherently require contact, the reasons set forth below as to Littler's claim about contact visitation would also apply to his conjugal visitation claim.

> That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion. . . . Contact visits invite a host of security problems. They open the institution to the introduction of drugs, weapons, and other contraband. Visitors can easily conceal guns, knives, drugs, or other contraband in countless ways and pass them to an inmate unnoticed by even the most vigilant observers. . . . And these items can readily be slipped from the clothing of an innocent child, or transferred by other visitors permitted close contact with inmates.

*Block v. Rutherford*, 468 U.S. 576, 589 (1984). According to Littler's complaint, prison officials believe his refusal to submit to drug screening poses a risk of trafficking if he were allowed to have contact visits [*see* DE 1 at 7]. Although Littler disagrees that he poses a risk of trafficking, the court must "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (upholding restriction on visitation for inmates with substance abuse violations, which served the legitimate goal of deterring the use of drugs and alcohol within the prison). Littler does not explain why he refuses to submit to drug screening, and his mere belief that he should be allowed contact visits despite his failure to comply with prison regulations does not form the basis for a constitutional claim.

For these reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:   August 29, 2011

                                                                    /s/ JON E. DEGUILIO
                                                             Judge
                                                             United States District Court